IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| ELYSE J. BRANCACCIO  <br>106 Cadmus Avenue  <br>Elmwood Park, NJ 07407  <br>  <br>   Plaintiff,  <br>  <br>v.  <br>  <br>MERCEDES-BENZ USA, LLC LONG TERM DISABILITY PLAN  <br>One Mercedes Drive  <br>Montvale, NJ 07645  <br>  <br><u>SERVE</u>: Registered Agent  <br>           CT Corporation System  <br>           1015 15th Street NW  <br>           Suite 1000  <br>           Washington, DC 20005  <br>  <br>   Defendant. | :  <br>:  <br>:  <br>:  <br>:  <br>:  <br>: Civil Action No:  <br>:  <br>:  <br>:  <br>:  <br>:  <br>:  <br>:  <br>:  <br>:  <br>:  <br>:  <br>:  <br>:  <br>: |

## **COMPLAINT**

1.  Plaintiff seeks relief under ERISA, 29 U.S.C. § 1001, et seq., specifically ERISA §502, 29 U.S.C. §1132.

2.  This court has jurisdiction pursuant over the issues raised herein pursuant to ERISA §502, 29 U.S.C. §1132(e)(1) and 28 U.S.C.§ 1331 (Federal Question).

3.  Venue is appropriate under 29 U.S.C. §1132(e)(2) in that Defendants were responsible for providing benefits through employment of the participants of the Plan with subject benefits provided by Defendant who are doing business in the District of Columbia so as to have sufficient contacts pursuant to *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 90, 90 L.Ed. 95 (1945) in order to confer in personam jurisdiction.

4.  This is an action pursuant to 29 U.S.C. §§ 502(a)(1)(B) and (a)(3) to clarify a

beneficiary's rights to past and future benefits under the terms of the plan. Plaintiff seeks a declaration of right under the policy at issue which is an "employee welfare benefit plan" as defined under ERISA. Plaintiff seeks reinstatement of benefits and payment of all back benefits due and owing plus interest. Plaintiff seeks to enforce the rights afforded under the plan and to clarify all rights to future benefits under the plan pursuant to 29 U.S.C. § 1132(a). Plaintiff seeks an award of attorney's fees and costs.

## Parties

5. Plaintiff is an adult resident of Bergen County, New Jersey.

6. Plaintiff was a plan participant under an employee welfare benefits plan established by her employer, Mercedes-Benz USA, LLC (Hereinafter "Mercedes"), doing business in the District of Columbia.

7. Defendant, Mercedes, was the claims administrator and insurer for the plan.

## The Disability Contract

8. The plan promises to pay benefits if an employee is disabled.

9. Disability in the plan is defined as follows and includes the following subdefinitions:

> You are eligible for LTD benefits after you have been continuously and totally disabled for 180 days. To qualify for a benefit payment, you must be unable to perform your regular job duties and be under the care of a physician.

## Plaintiff's Disability Claim

10. Plaintiff suffers from coccydynia and chronic pain, among other conditions and impairments.

11.     Plaintiff was an employee at Mercedes, serving as a Workforce Management Coordinator at the time she became disabled on or about 9/14/12.  Prudential approved her short term disability claim on 11/26/12.

12.     Plaintiff subsequently applied for long term disability.  Mercedes denied the claim on 3/19/13.

13.     Plaintiff acquired the undersigned counsel and filed a timely appeal on 8/15/13, which included additional medical, functional and vocational evidence.  This appeal concluded with the following statements (bolded as in original):

- **The initial request for information remains continuing in nature.  All documents added to this file must be sent in a timely manner for review prior to your decision.**

- **Should you choose to have Claimant's submitted evidence reviewed by any medical and/or vocational professional, Claimant hereby reserves the right to respond to such professional's report prior to your making a final claims determination.**

14.     Mercedes recognized the appeal by letter yet has failed to issue a decision.  It is now beyond the 90 day deadline to review the appeal.

15.     As Plaintiff has properly followed and exhausted the plan's reasonable claim procedures, all conditions precedent under the plan have been satisfied and the plaintiff has exhausted all administrative appeals under the plan prior to filing suit to a deemed denial.

16.     Plaintiff is entitled to these benefits under the plan since she has:

    A.     Satisfied all conditions to be eligible under the plan; and

    B.     Has not waived or otherwise relinquished his entitlement to these benefits.

17.     Prior to appealing all claim denials, Plaintiff's counsel sent multiple requests for claims file documentation which required production of the all summary plan documents,

governing claims manual provisions or handling instructions under which this claim was reviewed. These requests were made pursuant to 29 C.F.R. § 2560.502 - 1(h) *et seq.*

18. Defendants failed to produce all of the documentation requested on all occasions, withholding claims guidelines and file information.

### Requested Relief

19. Plaintiff requests that this court review the denial of benefits in this case and declare that he is entitled to all benefits under the policy including payment of all back benefits with interest.

20. Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure these benefits pursuant to Section 502(g)(1) of ERISA.

21. Plaintiff requests penalties payable in the amount of $110/day or other amount as to be determined by this Court pursuant to 29 C.F.R. § 2560.502 - 1(h) *et seq.* as a result of the failure of Defendants to produce the documents requested.

22. Any such other relief the Court may deem just and proper.

Respectfully submitted,

_____/s/_____
Scott B. Elkind, Bar 438811
Elkind & Shea
801 Roeder Rd., Ste. 550
Silver Spring, MD 20910
P: (301) 495-6665
F: (301) 565-5111
Attorney for Plaintiff